**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **WILLIAM G. CARTER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:06CV472-DJS |
| ) | |
| **ALAN BLAKE,** ) | |
| ) | |
| Defendant. ) | |

## ORDER

In the instant action, pro se plaintiff challenges several alleged conditions of confinement at the Missouri Sexual Offender Treatment Center ("MSOTC") pursuant to 42 U.S.C. § 1983, Amendments V, VIII, XIII, and XIV to the United States Constitution, and various state statutes. Plaintiff has been civilly committed at the MSOTC as a sexually violent predator ("SVP") under Missouri's Sexually Violent Predators Act ("SVPA"), Mo. Rev. Stat. §§ 632.480-513. Plaintiff's complaint particularly alleges that he is 1) subjected to deadly force and is held in a super maximum security facility, 2) forced to stay in a small room from 7 a.m. to 8 p.m. each day with no television, radio, physical exercise, or reasonable indoor or outdoor recreation, 3) restricted from contact visits with family and friends, 4) forced to participate in a state treatment program if he wants better living conditions, 5) required to request permission each time he needs to use the restroom, and 6) subjected to being physically beaten, sexually abused, and mentally harassed by MSOTC prison guards

because he will not participate in the state treatment program. Plaintiff's action was brought against defendant Alan Blake, the Chief Operating Officer at the MSOTC, in his individual capacity. Now before the Court is defendant's motion to dismiss.

The Court has reviewed defendant's motion and will dismiss all the counts in plaintiff's complaint. Defendant argues that plaintiff has already sued defendant for some, if not all, of the claims that are before this Court in Carter v. Blake, No. 4:05CV1992-HEA, 2006 WL 568347 (E.D. Mo. 2006). To determine whether the doctrine of res judicata bars litigation of a claim, this Court must "examine whether (1) a court of competent jurisdiction rendered the prior judgment, (2) the prior judgment was a final judgment on the merits, and (3) both cases involved the same cause of action and the same parties." Canady v. Allstate Ins. Co., 282 F.3d 1005, 1014 (8th Cir. 2002).

Plaintiff asserted all of the above claims against the same defendant in the lower numbered case except for his claim under 42 U.S.C. § 1983 that he is not allowed contact visits with family and friends in violation of United States Constitution Amendments V and XIV and Mo. Rev. Stat. § 630.115. See Carter, 2006 WL 568347, at *1. In the aforementioned case, the Court dismissed plaintiff's complaint for failure to state a claim because plaintiff's claims were based on the doctrine of respondeat superior, which cannot support liability under § 1983, and defendant was entitled to the defense of qualified immunity. Id.

at *2. Dismissal of a complaint based upon its inadequacy to state a claim against a defendant constitutes a judgment sufficient to involve the doctrine of res judicata. Rhodes v. Jones, 351 F.2d 884, 887 (8th Cir. 1965). Pursuant to that doctrine, the Court will dismiss the common claims between Carter and the instant action.

Plaintiff's remaining claim under 42 U.S.C. § 1983 that he is not allowed contact visits with family and friends will be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Missouri's SVPA authorizes the civil commitment of SVPs, persons who suffer from a mental abnormality that makes them more likely to engage in predatory acts of sexual violence if not confined in a secure facility and who 1) have pled guilty or been found guilty of a sexually violent offense; 2) have been found not guilty of a sexually violent offense by reason of mental disease or defect; or 3) were committed as a criminal sexual psychopath. Mo. Rev. Stat. § 632.480(5)(a)-(b). Confinement under the SVPA, however, is not punitive. See Kansas v. Hendricks, 521 U.S. 346, 362-63 (1997). Although the civil commitment scheme at issue does restrain plaintiff, "the mere fact that a person is detained does not inexorably lead to the conclusion that the government has imposed punishment." United States v. Salerno, 481 U.S. 739, 746 (1987).

If a particular condition or restriction of detention is:

> reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.' Conversely, if a restriction or condition is not reasonably related to a legitimate goal-if it is arbitrary or purposeless-a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees.

Bell v. Wolfish, 441 U.S. 520, 539 (1979) (footnote and citation omitted). "That there is a valid, rational connection between a ban on contact visits and internal security of a detention facility is too obvious to warrant extended discussion." Block v. Rutherford, 468 U.S. 576, 586 (1984). "Although an involuntarily committed patient . . . is not a prisoner per se, his confinement is subject to the same safety and security concerns as that of a prisoner." Revels v. Vincenz, 382 F.3d 870, 874 (8th Cir. 2004). Contact visits risk the introduction of drugs, guns, and other contraband into a detention facility and present a risk to the visitors entering the facility as they may be used in an escape attempt or taken hostage. See Block, 468 U.S. at 586-87. The regulations imposed on plaintiff with respect to his contact visits are valid under the Constitution as they are reasonably related to security interests at the MSOTC. Furthermore, while Mo. Rev. Stat. § 630.115 does guarantee certain patient rights, none of the rights listed in the statute grant plaintiff the right to have contact visits while he is detained at the MSOTC.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [Doc. #11] is granted pursuant to Fed. R. Civ. P. 12(b)(6).

Dated this ___8th___ day of August, 2006.

                                          /s/Donald J. Stohr
                                          UNITED STATES DISTRICT JUDGE